**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Patrick E. Nixon and Jean-Marie Nixon, | No. CV-11-1514-PHX-DGC |
|---|---|
| Plaintiffs, | **ORDER** |
| vs. | |
| Arizona Association of Manufactured Home Owners, Inc., | |
| Defendant. | |

Plaintiffs Patrick Nixon and Jean-Marie Nixon filed a complaint as pro-se litigants on August 3, 2011. Doc. 1. Defendant Arizona Association of Manufactured Home Owners, Inc. ("AAMHO"), also as pro-se litigant, filed an answer on October 4, 2011, requesting that the action be dismissed. Doc. 5 at 4. Defendant then secured counsel. Doc. 11. On November 21, 2011, Defendant filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Doc. 14. Plaintiffs filed a response on December 5, 2011 (Doc. 16), and Defendant replied on December 16, 2011 (Doc. 20). In their response, Plaintiffs attached numerous exhibits and provided factual details not included in the original complaint. Doc. 16.

## I. Legal Standards.

A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). A complaint must plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

In considering a motion for judgment on the pleadings, the Court cannot consider evidence outside the pleadings unless the Court treats the motion as a motion for summary judgment pursuant to Rule 56. Fed. R. Civ. P. 12(d). This Court will not treat the motion as one for summary judgment, and will not consider any material in Plaintiffs' response not provided in the original complaint.

Plaintiff's complaint does not satisfy the pleading requirements set forth in *Twombly* and *Iqbal*. The only factual material provided in the complaint is Plaintiffs' and Defendant's addresses (Doc. 1 at ¶ 6, 9), that "Plaintiff, Patrick E. Nixon, is a male veteran with a disability" (*id.* at ¶ 7), and that "Plaintiff, Jean-Marie Nixon, is a Hispanic female with a disability" (*id.* at ¶ 8). The complaint does not allege the type of disabilities. The rest of the complaint includes conclusory allegations that the Defendant engaged in conduct that violates a laundry list of laws without providing any factual detail about what happened. The Court therefore will dismiss Plaintiffs' complaint for failure to state a claim upon which relief may be granted.

## II. Leave to Amend.

In the Ninth Circuit, pro se litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (same); *see also Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("We are very cautious in approving a district court's decision to deny

pro se litigants leave to amend.") (citing *Lucas*, 66 F.3d at 248-49); *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy."). Although the deadline for amending pleadings established in the Court's Case Management Order has passed, the Court will grant Plaintiffs leave to amend their complaint.

The Court is required to give guidance to a pro se plaintiff regarding the deficiencies of dismissed claims in a complaint. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 625 (9th Cir. 1988) ("We do not . . . require the district court to act as legal advisor to the plaintiff. . . . However, the court must do more than simply advise the pro se plaintiff that his complaint needs to [comply with Rule 8]. . . . The district court is required to draft 'a few sentences explaining the deficiencies.'") (citations omitted).

For purposes of the amended complaint, Plaintiffs are directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs numbered in consecutive order. Each paragraph must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Plaintiff is advised that vague references to discrimination are insufficient to satisfy the pleading requirements of Rule 8. The amended complaint must provide the factual basis for each claim and give Defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). This includes the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. The complaint must also show that Plaintiffs have complied with all required administrative proceedings.

**IT IS ORDERED:**

      1. Defendants motion (Doc. 14) is **granted**.  The Court concludes that Plaintiffs have failed to state a claim upon which relief may be granted.

      2. Plaintiffs may file an amended complaint on or before February 24, 2012.

      Dated this 9th day of February, 2012.

_David G. Campbell_
_____
David G. Campbell
United States District Judge