**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick E. Nixon and Jean-Marie Nixon, | No. CV-11-01514-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Arizona Association of Manufactured Home Owners, Inc., | |
| Defendant. | |

Pro se Plaintiffs Patrick E. Nixon and Jean-Marie Nixon filed a complaint against Defendant Arizona Association of Manufactured Home Owners, Inc., alleging violations of the Americans with Disabilities Act ("ADA") and the Civil Rights Act of 1991 and requesting declaratory and injunctive relief and civil penalties. Doc. 1. Defendant filed a motion for judgment on the pleadings (Doc. 14) and Plaintiffs filed a response (Doc. 16). The Court granted the motion on February 9, 2012. Doc. 23. The Court found that Plaintiffs had failed to allege sufficient facts to state a claim or to provide any factual detail about what happened that would entitle them to relief. *Id.* at 2. Because Plaintiffs are pro se, the Court granted leave to amend and instructed Plaintiffs on how to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 3. The Court also stated that Plaintiffs' amended complaint must show that they had complied with required administrative procedures. *Id.*

Plaintiffs filed an amended complaint on February 24, 2012, alleging claims under 42 U.S.C. §§ 1981, 1983, and 1985(3) as amended by the Civil Rights Act of 1991

(Doc. 27), and Defendant filed a second motion for judgment on the pleadings on March 8, 2012. Doc. 30. Although Plaintiffs had responded to the first motion for judgment on the pleadings and therefore clearly knew that a response was required and how to file one, Plaintiffs did not file a response to the second motion. As a result, Defendant filed a motion for summary disposition of the second motion. Doc. 34. Defendant also sought an extension of the discovery schedule. Doc. 36. For the reasons that follow, the Court will grant Defendant's motion for judgment on the pleadings and deny Defendant's remaining motions as moot.

**I.   Legal Standard.**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1998); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (stating that in ruling on a Rule 12(c) motion the court must accept as true all allegations in the plaintiff's complaint and treat as false the allegations in the defendant's answer that contradict the plaintiff's allegations). In other words, dismissal pursuant to Rule 12(c) is inappropriate if the facts as pled would entitle the plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir.1995).

**II.   Discussion.**

After having an opportunity to amend their complaint, Plaintiffs have once again failed to allege facts showing that either of them is entitled to a remedy. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'") (citing Fed. R. Civ. P. 8(a)(2)).

The amended complaint contains three specific allegations with respect to Patrick E. Nixon: that Defendant denied Mr. Nixon's claims for expenses incurred on its behalf while he served on the association's board of directors, that Defendant created a hostile

environment for him as a disabled veteran, and that Defendant retaliated against him for speaking out about its violations of bylaws and state and federal laws. Doc. 27, ¶¶ 1-3; 4-5; 8. The amended complaint fails to allege sufficient facts to support any of these assertions. It does not identify any expenses Mr. Nixon incurred on behalf of Defendant or the circumstances surrounding Defendant's alleged denials for reimbursement from which the Court could reasonably infer that the denials were unlawful or motivated by discriminatory intent.

The complaint provides a single factual allegation in support of Mr. Nixon's hostile environment claim – that, at a December 9, 2010 board meeting, the Treasurer screamed at Mr. Nixon in front of the board that "you are insane and your [sic] crazy" and continued to scream at him outside the building. *Id.*, ¶¶ 4-5. The complaint fails to allege any circumstances surrounding this alleged act from which the Court reasonably could infer that Defendant intentionally created a hostile environment for Mr. Nixon on the basis of his disability. Nor does the complaint allege that Mr. Nixon was employed by Defendant.

The amended complaint does not allege any retaliatory actions that Mr. Nixon suffered for speaking out.

As the Court previously stated, "[t]he amended complaint must provide the factual basis for each claim and give Defendant 'fair notice of what [Plaintiff's] claim is and the grounds upon which it is based.'" *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). The complaint clearly fails to do so.

The amended complaint makes two allegations with respect to Jean-Marie Nixon: that as "a highly qualified Hispanic female, with a disability and a known association with a disabled person," Ms. Nixon received disparate treatment in the selection process for Education Director; and that she also suffered retaliatory conduct. Doc. 27, ¶¶ 6-7; 8. The amended complaint's sole factual allegation with respect to Ms. Nixon's disparate treatment is that she was subjected to an "unprecedented interview process on June 2, 2011." The complaint alleges no facts about the interview process or what made it

"unprecedented," and provides no additional facts from which the Court reasonably could infer disparate treatment or retaliation.

Defendant explains in its motion why the complaint fails to state a claim under 42 U.S.C. § 1981, which requires a showing of intentional racial discrimination; § 1983, which requires that Defendant be a state actor or take actions "under color of state law"; and § 1985(3), which requires a showing of a conspiracy. Doc. 30 at 4, 5, 11-12. To the extent that Plaintiffs attempt to make claims under the ADA or the Civil Rights Act, Defendant explains how these claims also fail. *Id.* at 6-11. In particular, Plaintiffs fail to allege any facts to support a disability under the ADA or to show that Defendant is an employer under Title I of the ADA, a State or local government entity under Title II, or that Plaintiffs were denied access to a place of public accommodation under Title III. *See id.* at 6-9. Plaintiffs similarly fail to set forth the prima facie elements for a claim under Title II or Title VII of the Civil Rights Act. *See id.* at 10-11. In addition to the factual deficiencies of the complaint, Defendant notes that Plaintiffs have failed to show they pursued required administrative remedies under these Acts. *Id.* at 6-7, 10-11.

Defendant's second motion for judgment on the pleadings is well taken. Because the Court agrees that Plaintiffs have failed to state a claim under any of the legal theories presented, and Plaintiffs have not responded or requested further leave to amend, the Court will grant judgment on the pleadings in favor of Defendant.

**IT IS ORDERED**:

1. Defendant Defendant's second motion for judgment on the pleadings (Doc. 30) is **granted**.
2. Defendant's motion for summary disposition (Doc. 34) and its motion for extension of discovery (Doc. 36.) are **denied** as moot.
3. The Clerk of the Court is directed to **terminate** this action.

Dated this 16th day of May, 2012.

_____
David G. Campbell
United States District Judge